# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB D. FRECH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 14-100 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| HORIZON MEDICAL PRODUCTS, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs' Motion (Doc. 15) to voluntarily dismiss this case, without prejudice, will be granted.

Plaintiffs represent, and Defendants do not dispute, that, four months after the Court's initial Case Management Conference, Plaintiffs' counsel began contacting treating-physician Dr. Burns to obtain a narrative report. Plaintiffs' counsel repeatedly requested information from Dr. Burns, on a weekly, and eventually daily, basis until the physician advised that the child-Plaintiff suffered no risk as a result of the partial medical implant remaining in his body. *See* Pls.' Br. (Doc. 16) at 2-3. Less than a month after receiving this information, Plaintiffs filed their Motion to voluntarily dismiss. *Id.*

The Court generally agrees with Defendants that, in some respects, Plaintiffs more timely could have prosecuted this case. Defendants, however, joined a Motion to extend discovery (Doc. 14), outlining the parties' litigation efforts, including Plaintiffs' production of over 4,000 documents in response to written discovery. In light of the efforts summarized in the Joint

Motion, the Court finds unduly harsh Defendants' suggestion that Plaintiff has not prosecuted this case in good faith.[1]

Having weighed all of the relevant factors under Rule 41(a), the Court finds that concerns regarding undue prejudice are outweighed by the relatively early procedural posture of this case, and Plaintiffs' timeliness in seeking dismissal once they learned of the treating physician's assessment. The Court also believes that it should not lose sight of the subject matter of this case, namely, the welfare of an eight-year-old child with a partially-irremovable medical device lodged in his chest. Although the treating physician currently has no reason to believe that the device poses a risk, the interests of justice counsel in favor of making the dismissal without prejudice, in the event that circumstances may change.

Consistent with the foregoing, Plaintiff's Motion (**Doc. 15**) to voluntarily dismiss this case without prejudice is **GRANTED**; the unrelated Motion (**Doc. 17**) for a protective order is **DENIED AS MOOT**; and this case is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(a)(2).

IT IS SO ORDERED.

February 19, 2015                                        s\Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] *Cf.* Defs.' Opp'n Br. (Doc. 19) at 6.